SUPERIOR COURT
OF THE
STATE OF DELAWARE

E. SCOTT BRADLEY
JUDGE

1 The Circle, Suite 2
GEORGETOWN, DE 19947

February 29, 2016

Timothy G. Willard, Esquire
Fuqua, Yori and Willard, PA
26 The Circle
Georgetown, DE 19947

Robert V. Witsil, Jr., Esquire
Robert V. Witsil, Jr., P.A.
120 South Bedford Street
P.O. Box 799
Georgetown, DE 19947

RE: *Drinx Incorporated t/a Strawberry Liquors v. Alcohol Beverage Control Appeals Commission and Shambhu, Inc.*
*C.A. No.: S15A-08-002 ESB*

Dear Counsel:

This is my decision on Drinx Incorporated's appeal of the Alcohol Beverage Control Appeals Commission's decision to affirm the Alcohol Beverage Control Commissioner's decision to grant a retail liquor store license to Shambhu, Inc. Shambhu applied for a retail liquor store license for a liquor store to be located at 38223 DuPont Boulevard, Unit 10, Selbyville, Sussex County, Delaware. Drinx operates the nearest liquor store to Shambhu's proposed liquor store. Drinx's liquor store is approximately 1700 feet away from Shambhu's proposed liquor store.

Drinx and others protested Shambhu's application for a liquor store license. Commissioner John H. Cordrey held a hearing on Shambhu's application on November 20, 2012. The Commissioner granted Shambhu's application two and one-

half years later on April 15, 2015. Drinx appealed the Commissioner's decision to the Appeals Commission. The standard of review applicable to an appeal from a decision of the Commissioner to the Appeals Commission is set forth in 4 *Del.C.* § 541(c), which states "a decision of the Commissioner shall be reversed only upon a finding of abuse of discretion." An "abuse of discretion" occurs when a decision has "exceeded the bounds of reason in view of the circumstances and has ignored recognized rules of law or practice so as to produce injustice."[1] The statutory provisions that govern the granting of a liquor license by the Commissioner are set forth in Title 4 of the Delaware Code, with the procedural requirements set out specifically in 4 *Del.C.* § 541. However, Title 4 does not specify the time frame that the Commissioner must follow when considering an application for a liquor license. Section 304(a) of Title 4 requires the Commissioner to follow the Delaware Administrative Procedures Act(Chapter 101 of Title 29 of the Delaware Code) in the performance of all duties and powers, including the grant of licenses under 4 *Del.C.* § 304(a)(4). The Administrative Procedures Act does not specify the time frame that the Commissioner must follow when considering an application for a liquor license. The Appeals Commission affirmed the Commissioner's decision, reasoning that while

---

[1] *Dorsey v. Chrysler Motors Corp.*, 1993 WL 189455, at *3 (Del. Super. Apr. 19, 1993)(Citations omitted).

it did take the Commissioner a long time to make a decision, that it did not matter because there was no requirement that the Commissioner had to make a decision within a specific period of time. Drinx now appeals the Appeals Commission's decision to this court.

Drinx's sole argument on appeal is that the Commissioner abused his discretion by taking two and one-half years to issue a decision on Shambhu's application for a liquor license. Nothing in the record explains why the Commissioner took so long.

## STANDARD OF REVIEW

4 *Del.C.* §541(d) governs this Courts review of a final decision of the Appeals Commission. Section 541(d) states that the "Superior Court's review of an appeal shall be on the record and in accordance with the Administrative Procedures Act, subchapter V of Chapter 101 of Title 29. The Superior Court's review shall take into account the experience and specialized competence of the agency and the purpose under which the agency acted. Further, the Superior Court's review, in the absence of fraud, shall be limited to whether the agency's decision is supported by substantial evidence on the record and free from legal error."

## DISCUSSION

Drinx argues that the Commissioner abused his discretion by taking two and one-half years to make a decision on Shambhu's application for a liquor license. The

Appeals Commission agreed that the Commissioner took a long time. However, the Appeals Commission could not find that the delay constituted an abuse of discretion requiring reversal of the Commissioner's decision because the Commissioner had no obligation to make a decision within a certain period of time. I agree with the Commission's reasoning. The Commissioner had no obligation under the applicable statutes and rules to make a decision within a certain period of time. Therefore, given that Drinx had no right to insist that the Commissioner make his decision within a specific time, there can be no violation of any statute or rule. I note that "abuse of discretion" refers to the Commissioner's analytical and reasoning process that the Commissioner follows when making a decision to grant or deny an application for a liquor license. The Commissioner's reasoning is simply not implicated here. I have affirmed the Appeals Commission's decision to affirm the Commissioner's decision to grant Shambhu a liquor license.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ E. Scott Bradley*

E. Scott Bradley

ESB/sal
cc:    Prothonotary

4